**ADAM C. SPRINGER, OSB #112109**
Yaquina Law LLC
springer@yaquinalaw.com
380 SW 2ND Street
Newport, OR 97365
Ph: 541-272-5500
Attorney for Plaintiff

UNITED STATES DISTRICT COURT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **WILLIAM K. JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **M&M EXCAVATING, LLC**, a Washington Limited Liability Corporation, <br><br> Defendant. | Case No.: 6:20-cv-00196 <br><br> **COMPLAINT AND DEMAND FOR A JURY TRIAL** <br><br> **PERSONAL INJURY ACTION (28 U.S.C. § 1332)** |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1.

Plaintiff William Johnson is an Oregon citizen residing in Lincoln County, Oregon.

2.

At all times relevant to this complaint, Defendant M&M EXCAVATING, LLC (M&M) was a Washington limited liability corporation with its principal place of business in Glenwood, Washington.  Upon information and belief, none of the members and/or owners of M&M are citizens of Oregon.

/
/

3.

A substantial part of the events and omissions giving rise to this litigation occurred in Lincoln County, Oregon.  Venue is therefore appropriate pursuant to 28 U.S.C. § 1391(b)(2).

4.

This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between a citizen of Oregon and a Washington limited liability corporation and the matter in controversy exceeds the value of $75,000, exclusive of interest and costs.

## BACKGROUND FACTS

5.

On Friday, October 25, 2019, just prior to 11:10 a.m., Plaintiff was gathering tools from the back of the Toledo Public Works pickup truck he was using.  The truck was parked off the road, on the south side of Business Highway 20, just east of the Intersection between Highway 229 and Business Highway 20 in Toledo Oregon.

6.

At the same time and place, a loaded dump truck towing a pup trailer, both owned by Defendant M&M, made a left hand turn off of Highway 229 and on to Business Highway 20. During its turn, the hitch between the dump truck and pup trailer broke, causing the trailer to careen off of the road, where it struck Plaintiff and his work truck.  The dump truck and trailer were driven by M&M's employee Richard Shaw, who was acting in the course and scope of his employment and/or agency.

## DAMAGES

7.

As a result of Defendant's trailer hitting him, Plaintiff suffered serious injuries, including fractures of three transverse processes in his lumbar vertebrae and a broken rib.   Plaintiff has incurred economic damages for healthcare costs and lost wages in an amount to be proven at trial.

**YAQUINA LAW LLC**
**PO Box 1987, 380 SW 2nd Street**
**Newport, Oregon 97365**
**Telephone:(541) 272-5500 Fax: (541) 265-7633**

8.

As a further result of Defendant's trailer hitting him, Plaintiff has suffered emotional injury, pain and suffering, physical and emotional trauma, and psychological damages, all to his noneconomic damage in an amount to be proven at trial, but in excess of $75,000.

## CLAIM FOR RELIEF

*Negligence*

*Respondeat Superior*

9.

Plaintiff re-alleges paragraphs 1 - 8 of this Complaint.

10.

The hitch connecting the pup trailer to the dump truck broke due to the negligence of Richard Shaw and/or Defendant M&M.

11.

In addition to the general negligence alleged above, M&M and/or Richard Shaw were negligent in one or more of the following ways:

   a. In failing to adequately maintain the dump truck and trailer;
   b. In failing to adequately inspect and/or repair the dump truck and trailer;
   c. In damaging the dump truck and/or trailer through improper operation;
   d. In operating the dump truck and trailer when Shaw and/or M&M knew, or should have known, the truck and trailer were in an unsafe condition.

12.

At all times relevant to this Complaint, Richard Shaw was an employee and/or actual agent of Defendant M&M working within the course and scope of his employment and/or actual agency as a driver of the dump truck and trailer owned by M&M.  Defendant M&M is liable to Plaintiff for the actions and inactions of its employee and/or actual agent, Mr. Shaw.

/

/

13.

It was reasonably foreseeable that the negligence as set forth herein would cause Plaintiff to suffer the damages alleged in Paragraphs 7-8.

14.

As a direct, foreseeable, and proximate cause of Defendant's negligence, Plaintiff suffered the alleged in Paragraphs 7-8.

## DEMAND FOR A JURY TRIAL

15.

Plaintiff hereby demands trial by jury of all issues so triable that are raised herein, or which hereinafter may be raised in this action.

## PRAYER

Wherefore, Plaintiff demands judgment against Defendants as follows:

1. For Plaintiff's economic damages in an amount to be proven at trial;
2. For Plaintiff's noneconomic damages in an amount to be proven at trial, but in excess of $75,000; and
3. For his costs and disbursements incurred herein.

DATED this 5th day of February, 2020.

/s/ Adam C. Springer_____
Adam C. Springer, OSB #112109
springer@yaquinalaw.com
Attorney for Plaintiff